[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal from a judgment in a trespass and eviction action, entered in District Court in favor of the defendant, Decorative Specialties International, Inc. (hereinafter "defendant"). Jurisdiction is pursuant to RhodeIsland General Laws 1956 (1984 Reenactment) § 34-18.1-9(b) (4).
Statement of Facts
The parties have stipulated to the facts. The plaintiff, C.G., Inc. (hereinafter "plaintiff") and defendant entered into a lease agreement on or about June 1, 1993 for a twelve-month period. Pursuant to said agreement, defendant was to pay $6,737.50 per month through May 31, 1994. Said agreement further provided the defendant the right to extend the term for an additional three months. If the right to extend the lease was exercised by notifying plaintiff no later than February 28, 1994, the defendant would have been obligated to pay $7,350.00 for the aforementioned months.
On February 28, 1994, the defendant notified plaintiff of its decision not to extend the lease. Thus, pursuant to the agreement, plaintiff applied the three months' security deposit for payment of rent for the last three months of the lease, March, April, and May of 1994. Subsequent attempts to renegotiate the lease failed.
Despite the end of the lease term, defendant advised plaintiff that it was unable to vacate the premises until July 31, 1994. Plaintiff notified defendant that the monthly rent would increase to $18,658.88 if defendant remained on the premises after expiration of the lease. On June 1, 1994, defendant became a holdover tenant. Defendant paid and plaintiff accepted, with reservation, $9,976.38 per month for the hold-over months, June and July 1994. This number represents the base rent of $7,350.00, taxes of $2,168.04, insurance of $416.67 and sewer charge of $41.67. Plaintiff brought a trespass and eviction action in District Court seeking additional rent. That court found in favor of the defendant. An appeal to this trial court followed.
Discussion
At issue here is whether the plaintiff/landlord may increase, and here rather substantially, the monthly rent of the defendant/hold-over tenant. The lease agreement addresses the question of hold-over tenancy in ¶ 20.2, which states:
 If tenant remains in possession of the Demised Premises after the expiration of the term tenant shall be deemed a hold over upon a month-to-month tenancy, subject, however, to all of the terms and conditions of this lease, including the payment of rent. (emphasis added)
The parties' interpretation of the emphasized phrase differs. Plaintiff contends that ¶ 20.2 requires defendant be liable for the payment of $18,658.88 per month as stated in several notices sent to defendant. Alternatively, defendant reads ¶ 20.2 as obligating defendant to pay the amount specified in the lease agreement, that of $6,737.50 per month.
Every person in possession of land from which rent is due shall be liable for the just amount. R.I.G.L. 1956 (1984 Reenactment) § 34-18.1-10. Years ago our Supreme Court addressed the issue of hold over rent in the distinguished case ArnoldRealty Co. v. William K. Toole Co., 46 R.I. 204, 125 A. 363
(1924) noted in Restatement (Second) of Property § 14.5 note 1 (1977); 5 David A. Thompson, Thompson on Real Property § 40.10 (1994). Based upon facts similar to the case at bar, the Arnold
court ruled that, "as there was no expressed contract, relative to rent, between the landlord and the defendant holding over as a tenant at sufferance it follows that the landlord is entitled to recover the fair rental value of the premises." Id. at 208, 25 A. at 365. Moreover, this Court will interpret the disputed phrase in ¶ 20.2 of the lease agreement by analogizing it to the language at issue in the Arnold case. The Arnold Court rendered the phrase, "liable to pay rent" to mean: liable to pay for use and occupation the fair rental value of the property.Id. Finding that language synonymous to the language in the case at bar, "subject to . . . the payment of rent" this Court holds plaintiff is entitled only to the fair rental value of the premises. Furthermore, the Arnold court succinctly stated that when a tenant holds over after being notified that the rent will increase if he or she holds over, then the tenant, by holding over, becomes liable for only the fair rental value, "and not for the amount which the landlord had arbitrarily fixed." Id. at 209, 125 A. at 365.
Absent any credible evidence that the rental value of the premises has increased or decreased, this Court finds the negotiated rental amount of the extended term to be the fair rental value of said property. Accordingly, defendant's payment of $9,976.38 for the hold over months of June and July 1994 is fair and reasonable. The Court finds plaintiff's demanding $18,658.88 per month for June and July 1994, an increase of 277% over the lease rate, to be unconscionable.
For all the foregoing reasons, judgment shall enter for defendant.
Counsel shall prepare the appropriate order for entry.